IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KHYRAH PHILPOTT, Individually and as Co-Personal Representatives of the Estate of Cameron Philpott; and CORY PHILLIPS, individually and as Co-Personal Representatives of the Estate of Cameron Philpott;<br><br>          Plaintiffs,<br><br>   vs.<br><br>EVENFLO COMPANY, INC., an Ohio Corporation; AMSAFE, INC., SHIELD RESTRAINT SYSTEMS, INC., WAL-MART STORES, INC., DOE COMPANIES #1-5, DOE INDIVIDUALS #1-5, and A JOINT VENTURE CONSISTING OF TWO OR MORE DEFENDANTS,<br><br>          Defendants. | **8:20CV3112**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on defendants'[1] motion to dismiss, Filing No. 13. This is a wrongful death lawsuit regarding an alleged defective child restraint system that plaintiffs argue all defendants jointly designed, manufactured, and distributed. Filing No. 1. On or about March 6, 2018, plaintiffs were driving on Interstate 80 when a tractor-trailer hit their vehicle. Their young son was riding in an Evenflo booster seat in the back seat of the car. The minor child died. Plaintiffs contend that the defects in the straps and splitter plate, the failure to crash test the booster seat properly, and the failure of the booster seat to properly and safely restrain the minor child, caused blunt force trauma which resulted in the minor's death. Plaintiffs filed this lawsuit under the theories of filed

---

[1] Defendants in this Memorandum and Order refer to Amsafe, Inc. and Shield Restraint Systems, Inc.

strict liability, negligence, warranty, and consumer protection claims against all defendants due to the allegedly defective car seat.[2]

## STANDARD OF REVIEW

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 n.3. (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id.* (describing a "two-pronged approach" to evaluating such motions: First, a court must accept factual allegations and disregard legal conclusions; and then parse

---

[2] These claims include: (i) Strict Liability Design Defect, (ii) Strict Liability Manufacturing Defect, (iii) Strict Liability Failure to Warn, (iv) Strict Liability Post-Sale Failure to Warn, (v) Negligence, (vi) Non-Product Liability Failure to Warn, (vii) Breach of Express Warranty, (viii) Breach of Implied Warranty of Merchantability, (ix) Breach of Implied Warranty of Fitness for a Particular Purpose, (x) Violation of Nebraska Consumer Protection Act, (xi) Uniform Deceptive Trade Practices Act, (xii) Negligent Infliction of Emotional Distress, (xiii) Joint Venture Negligence, (xiv) Wrongful Death, (xv) Conscious Pain and Suffering, and (xvi) Funeral and Burial Costs. *Id.* at ¶¶ 50–131. Filing No. 1.

the factual allegations for facial plausibility).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

**DISCUSSION**

Defendants argue that the plaintiffs have failed to plead sufficient facts to show there is a claim against them.  Defendants contend that plaintiffs have failed to identify the specific Evenflo booster seat with the model number.  Defendants ask the Court to dismiss the six claims discussed in their briefs with prejudice, even if the Court were to allow plaintiffs to amend their complaint.

Plaintiffs point out that nearly all of these arguments were discussed and rejected by this Court in *Ribeiro v. Baby Trend, Inc.*, No. 8:12-cv-204, 2017 WL 11485739 (D. Neb. Apr. 10, 2017) (Bataillon, J.).  In *Ribiero*, the Court ruled that the Court dismissed the argument that Ribiero can only be liable for the defects of its own parts, stating that "[w]here the component part manufacturer had a role in designing or manufacturing the final product" it can be held liable.  *Id.* at 4

The Court finds that plaintiffs' complaint alleges sufficient allegations to state a claim against the AmSafe and Shield defendants.  The plaintiffs allege joint design, manufacture and distribution.  At this point in the case, the Court finds the plaintiffs have stated a claim for strict liability, negligence and warranty claims against these defendants, and for manufacturing and design defects.  Some of these theories may very well fall out following discovery, but this point in the lawsuit, the allegations are sufficient.  Further, the Court finds the plaintiffs have placed the defendants on notice of the allegations against them.  Specific details, such as the model number of the car seat, can be obtained

3

during discovery.  Following discovery, the parties may proceed with summary judgment, if that is appropriate.

THEREFORE, IT IS ORDRED THAT defendants' motion to dismiss, Filing No. 13, is denied.

Dated this 6th day of January, 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge