IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KHYRAH PHILPOTT, Individually and as Co-Personal Representatives of the Estate of Cameron Philpott; and CORY PHILLIPS, individually and as Co-Personal Representatives of the Estate of Cameron Philpott;<br><br>Plaintiffs,<br><br>vs.<br><br>AMSAFE, INC., SHIELD RESTRAINT SYSTEMS, INC., DOE COMPANIES #1-5, DOE INDIVIDUALS #1-5, and A JOINT VENTURE CONSISTING OF TWO OR MORE DEFENDANTS,<br><br>Defendants. | 8:20CV3112<br><br><br>**THIRD AMENDED<br>FINAL PROGRESSION ORDER** |

THIS MATTER is before the Court on the parties' Joint Request to Extend Progression. (Filing No. 66.) The motion is granted. Accordingly,

    IT IS ORDERED that **no further extensions of case progression will be granted**.

    IT IS FURTHER ORDERED that the provisions of the Court's previous final progression orders shall remain in effect, and in addition to those provisions, progression shall proceed as follows:

1) The trial and pretrial conference will not be set at this time. The status conference presently scheduled for April 6, 2023 is canceled. A status conference to discuss **case progression, the parties' interest in settlement, and the trial and pretrial conference settings** will be held with the undersigned magistrate judge by telephone on **June 13, 2023** at **3:00 p.m.** Counsel shall use the telephone conferencing instructions assigned to this case to participate in the conference. (Filing No. 25.)

2) All discovery, fact and expert, shall be completed by **June 24, 2023**.

3) The deadlines for identifying expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

        For the plaintiff(s):        **April 17, 2023**
        For the defendant(s):      **May 29, 2023**
        Rebuttal:                   **June 12, 2023**

4) The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

|  |  |
|---|---|
| For the plaintiff(s): | **April 17, 2023** |
| For the defendant(s): | **May 29, 2023** |
| Plaintiffs Rebuttal: | **June 12, 2023** |

5) The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is **April 21, 2023**.

   a. The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is 10. Each Rule 30(b)(6) deposition shall count as one deposition, regardless of the number of designees that are designated to testify during such Rule 30(b)(6) deposition. In addition to such 10 depositions, Defendants as a group may depose each of Plaintiffs' experts and Plaintiffs as a group may depose each of Defendants' experts.

   b. Depositions will be limited by Rule 30(d)(1), except as follows: **Rule 30(b)(6) depositions may last for up to 11 hours.**

6) The deadline for filing motions to dismiss and motions for summary judgment is **July 17, 2023**.

7) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is **July 17, 2023**.

8) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

9) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 10th day of February, 2023.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.